

**Matthew A. Frank**
Direct: (612) 256-3220
Fax: (612) 338-4878
mfrank@nka.com

4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(877) 448-0492

August 1, 2017

**VIA ECF**
The Honorable Donovan W. Frank
United States District Court
724 Federal Building
316 N. Robert Street
St. Paul, MN 55101

       Re:    *Sisay Akaku v. Graves Hospitality Corp., et al., & UNITE HERE Local No. 17*
             **Court File No. 16-cv-1901 (DWF/FLN)**

Your Honor:

      This case arises from Plaintiff's employment with Defendant Graves and her union membership with Defendant UNITE HERE. In her Complaint, Plaintiff alleged that both Defendants discriminated against her on the basis of race and national origin. Last fall, UNITE HERE moved for judgment on the pleadings. On June 23, 2017, the Court issued an Order granting UNITE HERE's motion as to Plaintiff's state-and-local claims against the union and denying the motion as to her federal claims. Since the Court issued its Order, however, the Eighth Circuit Court of Appeals and the Second Circuit Court of Appeals have issued opinions that show that Plaintiff's state-and-local claims should not have been dismissed.[1] Accordingly, as required by Local Rule 7.1(j), we request the Court's permission to file a motion to reconsider this part of the Court's June 23, 2017 Order.

      To obtain the Court's permission to file a motion to reconsider, a party must show the existence of "compelling circumstances." Local Rule 7.1(j); *See Lang v. City of Mpls.*, 2015 WL 5157504, at *1 (D. Minn. September 2, 2015). As this Court suggested in *Lang*, compelling circumstances can include "newly discovered evidence *or law* that would merit reversal …." *Lang*, 2015 WL at 2 (emphasis added).

      In this case, UNITE HERE argued that the Court should dismiss Plaintiff's state-and-local discrimination claims because they were preempted by the duty of fair representation ("DFR"). (ECF No. 36 at 13–16 and ECF No. 50 at 2–4.) Specifically, UNITE HERE argued that the DFR *completely preempts* claims under State and Local law. (*Id.*) In support of its argument, UNITE HERE cited several cases, including two cases from this District: *Smith v. Local Union No. 110, Intl'l Bhd. Of Elec. Workers*, 681 F. Supp. 2d 995 (D. Minn. 2010) and *Patterson v. IATSE Local 13*, 754 F. Supp. 2d 1043 (D. Minn. 2010). Following *Smith* and

---

[1] *See Markham v. Wertin*, 861 F.3d 748 (8th Cir. 2017) (holding that the duty of fair representation does not completely preempt claims under the Missouri Human Rights Act) (filed on June 29, 2017); *Figueroa v. Foster*, --- F.3d ---, 2017 WL 3137388 (2nd Cir. July 25, 2017) (holding that the duty of fair representation does not generally preempt state anti-discrimination claims).

*Patterson*, UNITE HERE explicitly grounded its argument in reliance on *Vaca v. Sipes*, 386 U.S. 171 (1971). (ECF No. 36 at 13–16 and ECF No. 50 at 2–4.) Keeping with the District's prior precedents in *Smith* and *Patterson*, the Court accepted UNITE HERE's preemption argument and accordingly dismissed Plaintiff's state-and-local claims. (ECF No. 57 at 7–9.)

In opposing UNITE HERE's argument, Plaintiff argued that state-and-local discrimination claims—unlike other types of state or local claims—are not preempted by the DFR. (ECF No. 42 at 18–25.) At the time of briefing, oral argument, and even at the time of this Court's Order, there was no binding or highly-persuasive Court of Appeals precedent on this precise question. That has since changed. First, on June 23, 2017, the Eighth Circuit held that claims under the Missouri Human Rights Act are *not* completely preempted by federal labor law, including the DFR. *Markham*, 861 F.3d at 751–52. The Eighth Circuit rejected UNITE HERE's argument and the holdings in *Smith* and *Patterson*: reversing the district court's dismissal and explaining that reliance on *Vaca* is "misplaced," that there is no "clear indication from Congress" that the DFR preempts state discrimination claims, and that there is no "apparent conflict" between the DFR and state discrimination claims. *Id.* at 759–60. Then, on July 25, 2017, the Second Circuit likewise held that the DFR does not generally preempt or otherwise conflict with state discrimination claims. *See generally Figueroa*, --- F.3d ---, 2017 WL 3137388, at *1–10.[2] Both *Markham* and *Figueroa* reject the arguments and precedents relied on by *Smith*, *Patterson*, UNITE HERE, and this Court in support of dismissing Plaintiff's state-and-local discrimination claims.

*Markham* is binding in this District. In addition, Plaintiff believes that both *Markham* and *Figueroa* are directly on point and highly persuasive. The decisions—individually and collectively—merit reversal. As such, there are compelling circumstances under Local Rule 7.1(j) for permitting Plaintiff to file a motion to reconsider the Court's dismissal of her state-and-local discrimination claims.

                                            Sincerely,

                                            **NICHOLS KASTER, PLLP**

                                            */s/ Matthew Frank*

                                            Matthew A. Frank

cc: Defense counsel (via ECF)

---

[2] Plaintiff noted and discussed the Second Circuit *Figueroa* case in her brief. (ECF No. 42 at 21, n.15.) Until recently, however, she was unaware that *Markham* was pending in the Eighth Circuit at the same time.